1  Adam J. Tenser (SB #256022)
2  Law Office of Jeremy Tenser
   8844 W. Olympic Boulevard
3  Suite 200
4  Beverly Hills, California 90211
   Telephone: 310-734-2707
5  jt@tenserlaw.com

6  Attorney for
7  Petitioner Blake Leibel

8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 BLAKE LEIBEL,                        Case No.  2:22-cv-04270

12          Petitioner,

13     v.                               **PETITION FOR WRIT OF HABEAS
                                        CORPUS 28 U.S.C. §2254.**
14
15 CALIFORNIA DEPARTMENT OF
   CORRECTIONS AND
16 REHABILITATIONS,

17          Respondent.

18

19

20    TO THE HONORABLE COURT AND COUNSEL FOR THE PUBLIC:

21    NOTICE IS HEREBY GIVEN, Petitioner BLAKE LEIBEL, hereby moves for

22 issuance of a writ of habeas corpus 28 U.S.C. §2254, as soon as the matter can

23 be heard in the United States Courthouse, 255 E. Temple Street, Los Angeles,

24 California 90012 or wherever assigned by the office of the clerk responsible for

25 Writs of Habeas Corpus in Suite TS-134 of the courthouse.

26    Petitioner claims he is unlawfully restrained at as an incarcerated inmate at

27 Respondent CALIFORNIA DEPARTMENT OF CORRECTIONS AND

28 REHABILITATIONS, Centinela State Prison, 2302 Brown Road, Imperial, CA

92251, the acting warden for which is upon information and belief currently Sean Moore.

This is Petitioner's first application for writ of habeas corpus in this Court to reverse and vacate Petitioner's conviction by a jury of special circumstance murder PEN §187; PEN §205  PEN §206 & PEN §220 (a)(1) and judgement was imposed June 26, 2018 in the Superior Court of California, Los Angeles County with a sentence of life imprisonment without the possibility of parole Case No. BA443859.  The California Court of Appeals, Second District, Second Division affirmed denial of Petitioner's appeal to the sentence of life imprisonment without the possibility of parole on June 20, 2020 Case No. B291049.  Petitioner seeks collateral review of his conviction.

Petitioner filed petition for writ of habeas corpus in the Superior Court of California on May 3, 2020, Hon. Yvette Verastegui, Judge, summarily denied on August 6, 2021.  (**EXBT. A**). Petitioner filed the petition  in the California 2nd District Court of Appeal September 20, 2021 summary denied on November 23, 2021. The California Court of Appeals, Second District, Second Division took judicial notice of their unpublished opinion. Petitioner filed the petition in the Supreme Court of California summarily denied June 15, 2022.

Petitioner makes application to the Court to issue writ of habeas corpus on the basis of the relevant statutory provisions of *28 U.S.C.* § 2254(d)(1); California Penal Code §§1473 et seq.; the constitutions of  the United State and State of California; the California Court of Appeal, Second Appellate District, Second Division's ruling in *People v. Leibel* Case No. B291049 (unpublished opinion April 29, 2020 (**EXBT. B**); California Court of Appeal, Second Appellate District, Division Four's unpublished decision in *People v. Buccafurri* Case No. B304746 (**EXBT. C**); counsel's petition for writ of certiorari in the Supreme Court of the United States *Tenser v. Silverman* et al Case No. 21-7001 (cert.

1 denied) (**EXBT. D**); the files and records of this case, and on the declarations

2 heretofore submitted to the Court.

3

       DATED: June 22, 2022

4

5                                        By: _____

6                                        Adam J. Tenser
                                         Attorney for Petitioner Blake Leibel
7                                        *pro bono*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PETITION FOR WRIT OF HABEAS CORPUS**

1
2
3

## **TABLE OF CONTENTS**

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF CONTENTS ............................................................................ IV

MEMORANDUM OF POINTS AND AUTHORITIES ................................. - 1 -

INTRODUCTION ..................................................................................... - 1 -

GROUNDS ON DIRECT APPEAL .............................................................. - 2 -

GROUNDS FOR DENIAL OF WRIT HABEAS CORPUS IN CALIFORNIA COURTS ....... - 2 -

*Factual Findings* .............................................................................. - 2 -

*Procedural Validity* ......................................................................... - 3 -

*Prejudice* ........................................................................................ - 3 -

*Unreasonable Search* ...................................................................... - 3 -

*Right to Counsel* ............................................................................. - 4 -

*Right to Public Trial* ....................................................................... - 4 -

ARGUMENTS ......................................................................................... - 4 -

PROCEDURAL VALIDITY ........................................................................ - 4 -

*Review of State Decisions* ................................................................ - 4 -

*Summary Denial is Contrary to or an Unreasonable Application of Federal Law* ................................................................................................. - 5 -

*Decision based on an Unreasonable determination of the facts in light of the evidence presented in the State court proceeding* ........................... - 6 -

UNREASONABLE SEARCH ...................................................................... - 8 -

*Decision based on an Unreasonable determination of the facts in light of the evidence presented in the State court proceeding* ........................... - 8 -

*Summary Denial is Contrary to or an Unreasonable Application of Federal Law* ................................................................................................. - 10 -

*Review of State Decisions* ................................................................ - 11 -

*Prejudicial Impact of Error* ............................................................ - 13 -

RIGHT TO PUBLIC TRIAL..................................................................- 15 -

    *Summary Denial is Contrary to or an Unreasonable Application of Federal*

    *and State Law*...................................................................- 15 -

    *Prejudicial Impact of Error* ..........................................................- 17 -

**CONCLUSION**...........................................................................- 17 -

**PRAYER FOR RELIEF** ...............................................................- 17 -

**VERIFICATION** .........................................................................- 18 -

**EXBT. A**...................................................................................- 19 -

**EXBT. B**...................................................................................- 20 -

**EXBT. C**...................................................................................- 21 -

**EXBT. D**...................................................................................- 22 -

**PROOF OF SERVICE**.................................................................- 19 -

**PETITION FOR WRIT OF HABEAS CORPUS**

1

<u>CASES</u>

2 | *Avery v Alabama*, 308 U.S. 444 (1940) ----------------------------------------------- 6 -

3 | *Bringham City v. Stuart,* 457 U.S. 398 (2006)-------------------------------------- 11 -

4 | *Chapman v. California, 385 U.S. 18  (1967)* -------------------------------------- 2 -

5 | *Collins v. Virginia,* 138 S. Ct. 1663 (2018-------------------------------------- 10 -

6 | *Florida v. Jardine, 133 S.Ct. 1409 (2013)*-------------------------------------- 10 -

7 | *Jones v. Barnes*, 463 U.S. 745 (2000) ----------------------------------------- 4 -

8 | *Katz v. United States,* 389 U.S. 347 (1967) -------------------------------------- 10 -

9 | *Kimmelman v. Morrison,* 477 U.S. 365 (1986) ------------------------------------ 6 -

10 | *Luis v. United States,* 136 S.Ct. 1083 (2016)------------------------------------ 7 -

11 | *Michigan v. Fisher,* 558 U.S. 45 (2009) ----------------------------------------- 11 -

12 | *Mincy v. Arizona,* 437 U.S. 385 (1978). ---------------------------------------- 10 -

13 | *Murray v. Carrier,* 477 U.S. 478 (1986)---------------------------------------- 6 -

14 | *Presley v. Georgia,* 130 S.Ct. 721 (2010)-------------------------------------- 15 -

15 | *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501 (1984). ------------------- 16 -

16 | *Riley v. California,* 134 S.Ct. 2473 (2014) -------------------------------- 10 -, - 11 -

17 | *Silverman v. United States,* 365 U.S. 505 (1961). ------------------------------- 10 -

18 | *Smith v. Robbins,* 528 U.S. 259 (2000)---------------------------------- 4 -, - 15 -

19 | *Strickland v. Washington,* 466 U.S. 668 (1984) ------------------------------- passim

20 | *U.S. v. Brooklier,* 658 F.2d 1162 (9th Cir. 1982)------------------------------- 16 -

21 | *U.S. v. Gonzalez-Lopez,* 548 U.S. 140 (2006)----------------------------------- 7 -

22 | *United States v. Cronic,* 466 U.S. 648 (1984) --------------------------------- 6 -

23 | *Waller v. Georgia,* 467 U.S. 39 (1984) ----------------------------------------- 16 -

*Welsh v. Wisconsin,* 466 U.S. 740 (1984) ----------------------------------------- 11 -

24

<u>STATUTES</u>

25 | 28 U.S.C. § 2254(a) --------------------------------------------------------- 1 -

26 | 28 U.S.C. § 2254(d) --------------------------------------------------------- 1 -

27

<u>CONSTITUTIONAL PROVISIONS</u>

28

**PETITION FOR WRIT OF HABEAS CORPUS**

Cal.Const.art. I § 15 ------------------------------------------------------- 15 -

U.S. Const. amend. I --------------------------------------------------------- 16 -

U.S. Const. amend. IV------------------------------------ 1 -, - 6 -, - 10 -, - 13 -

U.S. Const.amend.VI ------------------------------------------------ passim

U.S. Coonst. amend. XIV --------------------------------------------------- 15 -

<u>CALIFORNIA STATUTES</u>

PEN § 1477------------------------------------------------------------------ 5 -

PEN § 1538.5 ---------------------------------------------------------------- 3 -

PEN § 825 ------------------------------------------------------------------- 7 -

PEN §§ 1473 et seq. ---------------------------------------------------------- 1 -

<u>CALIFORNIA CASES</u>

*Horack v Superior Court,* 3 Cal.3d 720 1970)------------------------------- 12 -

*In re Clark*, 5 Cal.4th 750 (1993) ------------------------------------------- 3 -

*In re Cox*, 30 Cal.4th 974  (2003) ------------------------------------------- 3 -

*In re Dixon*, 41 Cal.2nd 756 (1953) ----------------------------------------- 3 -

*In re Hardy,* 41 Cal.4th 977 (2007) ----------------------------------------- 14 -

*In re Harris,* 5 Cal.4th 813 (1993) ------------------------------------ 3 -, - 4 -

*In re Lawler,* 23 Cal.3d 190 (1979) ----------------------------------------- 5 -

*In re Reno,* 55 Cal. 4th 428 (2012) ----------------------------------------- 3 -

*In re Smith,* 3 Cal.3d 192 (1970) ------------------------------------------- 15 -

*Mass v. Superior Court,* 1 Cal.5th 962 (2016) ------------------------------- 5 -

*People v Duncan,* 42 Cal.3d 91 (1986) -------------------------------------- 12 -

*People v. Barton,* 21 Cal.3d 513 (1978)------------------------------------- 15 -

*People v. Duvall,* 9 Cal.4th 464 1995) -------------------------------------- 5 -

*People v. Esquibel,* 166 Cal.App.4th 539 (2008)---------------------------- 16 -

*People v. Ledesma,* 43 Cal.3d 171 (1987) ---------------------------------- 11 -

*People v. Macabeo,* 1 Cal.5th 1206 (2016)---------------------------------- 12 -

*People v. Mendoza Tello, 15 Cal.4th 264  (1997)*--------------------------- 4 -

vii

**PETITION FOR WRIT OF HABEAS CORPUS**

1    *People v. Ovieda,* 7 Cal.5th 1034 (2019) ------------------------------------------------ 12 -

2    *People v. Romero,* 8 Cal.4th 728 (1994) ------------------------------------------------- 5 -

3    *People v. Scott,* 10 Cal.App.5th 524 (2017) ----------------------------------------- 16 -

4    *People v. Williams,* 20 Cal.4th 119 (1999) ------------------------------------------ 11 -

5    *People v. Woodward, 4 Cal.4th 376 (1992)*------------------------------------ 15 -, - 16 -

6    *People. V. Troyer,* 51 Cal.4th 599 (2011) -------------------------------------------- 11 -

7    *Tompkins v. Superior Court,* 59 Cal2d 65 (1963)------------------------------------ 12 -

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PETITION FOR WRIT OF HABEAS CORPUS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner hereby submits application for writ of habeas corpus where the *People* have obtained Petitioner's criminal conviction in a trial in which he was deprived of the effective assistance of counsel, and the State of California unconstitutionally deprived Petitioner of his liberty and Petitioner is thus in custody in violation of the U.S. Constitution, 28 U.S.C. § 2254(a) and this Court has original jurisdiction over his claim on habeas corpus. *Strickland v. Washington,* 466 U.S. 668, 683 (1984).  Relief should be available to Petitioner where he has exhausted his State of California remedies the California decision is contrary to or involves an unreasonable application of clearly established United States Supreme Court precedents or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Failure to challenge and move to exclude the principal evidence from a search and warrantless investigation that is *per se* unreasonable is deficient, and constitutes an error so serious that counsel was not functioning as guaranteed Petitioner by the Sixth Amendment, where trial counsel would have been successful in suppressing evidence on a PEN § 1538 motion.  Petitioner further demonstrates his appellate attorney acted unreasonably and can show prejudice for failing to challenge for violation of Sixth Amendment right to public trial, a structural error requiring reversal on direct appeal.

This Court is asked to determine if is objectively reasonable to conclude that a fair-minded trier of fact would disagree with the legality or constitutionality of the Superior Court's decision to summarily deny the petition. The petition was procedurally valid and properly brought as collateral attack on grounds of ineffective assistance of counsel for alleged Fourth  and Sixth Amendment violations in accordance with PEN §§ 1473 et seq. None of the arguments or

theories relied on in the Superior Court's decision to deny relief are consistent with *stare decisis* in controlling federal or state decisions.   Petitioner satisfies the burden of proof by showing there was no objectively reasonable basis for the Superior Court to deny issuing order to show cause.

## GROUNDS ON DIRECT APPEAL

Petitioner's appointed appellant counsel challenged the conviction based solely on grounds that introduction of the graphic novel "Syndrome" was irrelevant. The Court rejected counsel's claim of irrelevance as incognizable for reversing the judgment, finding "Syndrome" was introduced at trial as relevant evidence of premeditation.  The order draws the inference to Petitioner's state of mind based on the novel.  The judgment further draws conclusions of guilt from testimony given by detective witness at trial alleging statements made by Petitioner during the search of his home and his arrest. The issue of a preliminary hearing was mentioned, but this Court of Appeal found Petitioner failed to raise any constitutional claim on appeal, whatsoever, and thus was not entitled to reversal on the harmless error standard enumerated in *Chapman v. California, 385 U.S. 18, 24 (1967).*

## GROUNDS FOR DENIAL OF WRIT HABEAS CORPUS IN CALIFORNIA COURTS

The grounds for Superior Court Hon. Judge Verastegui's summary denial of the petition for writ of habeas corpus without issuing order to show cause or holding an evidentiary hearing are a contrary or unreasonable application of federal and state precedent and an unreasonable determination of the facts in light of the evidence produced in support of the petition. (**EXBT. A**).  Neither of the California reviewing courts issued an opinion.

## FACTUAL FINDINGS

On May 26, 2016 Petitioner was arrested and booked at TTCF under Case No. BA443859. Petitioner was arraigned under case SA093029 on May 31, 2016.

**PETITION FOR WRIT OF HABEAS CORPUS**

Alelah Kamran appeared and declared a doubt into Petitioner's mental competence criminal PEN § 1368 in Case No. SA093029 and proceedings were in adjourned while the Grand Jury presented an Indictment found by the Court to be true August 29, 2016 under Case No. BA443859. Kamran withdrew as counsel and the public defender was appointed January 12, 2017. The next week January 17, 2017 proceedings in SA093029 were dismissed on the *People*'s motion.

**PROCEDURAL VALIDITY**

The Superior Court found Petitioner failed to allege facts establishing exception to the rule finding the petition procedurally barred for failing to raise issues on appeal. *In re Reno,* 55 Cal. 4th 428, 490-493 (2012); *In re Harris,* 5 Cal.4th 813 (1993); *In re Dixon*, 41 Cal.2nd 756, 759 (1953).

**PREJUDICE**

The Court found Petitioner failed to show that but for counsel's deficient performance there is a "demonstrable reality" a more favorable outcome would have resulted if not for counsel's errors. *In re Cox*, 30 Cal.4th 974, 1016 (2003); *In re Clark*, 5 Cal.4th 750, 766 (1993); *Strickland v. Washington,* 466 U.S. 668, 697 (1984).

**UNREASONABLE SEARCH**

The Court found it to be clear from the unpublished opinion on direct appeal Case No. B291049 that evidence presented at trial detailed exigent circumstances so that PEN § 1538.5 motion was unwarranted. The decision reads in relevant part:

> "When Deputy Micah Johnson arrived Olga brough him up to date, and he spoke to a neighbor in the hallway how had not seen anyone in at least a day or two. **Deputy Johnson knocked on the door, received no answer**, and at 8:44 a.m, he called defendant, left a voicemail telling him wanted to know whether

**PETITION FOR WRIT OF HABEAS CORPUS**

he and Kasian were okay, and asking him to have Kasian call her mother or the sheriff's station as soon as possible.

**Deputy Johnson obtained a key to the apartment and when other deputies arrived on the scene, he used the key to unlock the door**.  Deputy Johnson was unable to open the door because the inside safety latch was engaged, so he turned the investigation over to Deputy Todd Mohr, who consulted their sergeant.  **It was determined that exigent circumstances existed to they kicked in the door**." [emphasis added].  (**EXBT. B**).

### RIGHT TO COUNSEL

The court found the record did not indicate request for substitution of counsel.

### RIGHT TO PUBLIC TRIAL

The Court found Petitioner showed no prejudice from appellant counsel's failure to challenge right of public trial characterizing the deficiency as no more than appellant counsel's failure to raise issues. *Smith v. Robbins* 528 U.S. 259, 288 (2000); *Jones v. Barnes*, 463 U.S. 745, 750-752 (2000).

## <u>ARGUMENTS</u>

## PROCEDURAL VALIDITY

### REVIEW OF STATE DECISIONS

Petitioner stated a *prima facie* case for relief that was not procedurally barred when brought as described. Assuming Petitioner's factual allegations were true, Petitioner was entitled to relief.  Petitioner argued the petition was not procedurally barred and California Courts had jurisdiction to issue the writ because the rules generally prohibiting raising an issue on habeas corpus not raised on direct appeal do not bar an ineffective assistance claim on habeas corpus. *People v. Mendoza Tello, 15 Cal.4th 264, 266-267 (1997)*.  Claims of fundamental constitutional error come to the Court procedurally as claims of ineffective assistance of counsel.  *In re Harris,* 5 Cal.4th 813, 833 (1993); accord

1  *People v. Pope,* (1979) 23 Cal.3d 412, 428.  So long as it can be demonstrated
2  that Petitioner's attorney acted unreasonably in doing something or omitting to
3  do something, this Court should move on to the question of prejudice.  *In re*
4  *Harris, supra at 834.*   The only determination required was whether the
5  petition stated a *prima facie* case for relief and if it was procedurally barred.
6  *Mass v. Superior Court,* 1 Cal.5th 962, 974 (2016).

7      In conducting the evaluation of the petition, the courts errored by failing to
8  ask "whether, assuming the petitioner's factual allegations are true, the
9  petitioner would be entitled to relief." *People v. Duvall,* 9 Cal.4th 464, 474-475
10  (1995).  If the court determined that the petition stated a *prima facie* case for
11  relief on a claim that was not procedurally defective, the court should have
12  issued the writ of habeas corpus, or an order to show cause. *In re Lawler,* 23
13  Cal.3d 190, 194 (1979); PEN § 1477. When the writ is issued, the petition has
14  accomplished its purpose.  *People v. Romero,* 8 Cal.4th 728, 738 (1994).

15  **SUMMARY DENIAL IS CONTRARY TO OR AN UNREASONABLE APPLICATION OF**
16  **FEDERAL LAW**

17      In the context of an ineffective-assistance claim where appellant counsel
18  failed to preserve the structural errors on direct review, Petitioner bears the
19  burden to show deficient performance prejudice by demonstrating a reasonable
20  probability the result of the proceeding would have been different but for
21  attorney error. *Strickland, supra at 687, 694.*  The Court must determine if
22  counsel effectively functioned to make the adversarial testing process work in
23  this particular case. *Strickland*, supra 688-689. Petitioner was entitled to be
24  assisted by an attorney, whether retained or appointed, who played the role
25  necessary to ensure that the trial was fair.  *Id* at 685.  That did not happen here
26  and Petitioner is not procedurally barred from collaterally challenging the
27  conviction based on effective assistance of counsel.

28

1   The due process elements of a fair trial are defined by the Sixth Amendment.

2   *United States v. Cronic,* 466 U.S. 648, 685 (1984).   Ineffective assistance of

3   counsel is cause for a procedural default and the Sixth Amendment itself

4   requires that responsibility for the default be imputed to the State. *Murray v.*

5   *Carrier,* 477 U.S. 478, 488–489 (1986).   The constitutional guarantee of counsel

6   cannot be satisfied by mere formal appointment.   *Avery v Alabama*, 308 U.S.

7   444, 446 (1940). The right to effective assistance of counsel is recognized for the

8   effect it has on the ability to receive a fair trial.

9   Petitioner argued because collateral review is the only means through which

10   Petitioner can effectuate his right to counsel, denial of the writ on procedural

11   grounds restricts litigation of Petitioner's Sixth Amendment claims to trial and

12   direct review that would seriously interfere with Petitioner's right to effective

13   representation rendering the right to a fair trial itself without consequence.

14   *Kimmelman v. Morrison,* 477 U.S. 365, 378 (1986).   Where defense counsel's

15   failure to litigate a Fourth Amendment claim competently is the principal

16   allegation of ineffectively, Petitioner can prove that his Fourth Amendment

17   claim is meritorious and that there is a reasonable probability that the verdict

18   would have been different absent the excluded evidence sufficient to

19   demonstrate actual prejudice.   *Id at 375*. In order to prevail, Petitioner need

20   only prove that the search or seizure was illegal and that it violated his

21   reasonable expectation of privacy in his home. *Id at 374.*  Petitioner stated a

22   *prima facie* case that was procedurally valid in accordance with Supreme Court

23   precedent and there is no reason for the California courts denial.

24   **DECISION BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN**
**LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING**

25   Petitioner claims TTCF denied him access to confidential attorney client

26   visitation with retained criminal counsel and retained civil attorney after arrest

27   but before arraignment at a critical time when there was no attorney of record.

28

He claims TTCF denied counsel after arrest and held Petitioner prior to arraignment in Case No. BA443859 for months while the *People* held a Grand Jury violating PEN § 825.  Denial of access to retained attorneys prejudiced Petitioner by preventing him from engaging chosen criminal counsel, conducting transactions to finance his defense, and the California statutory Sixth Amendment rights to counsel and to a speedy trial and there is no way determine the prejudicial effects by denial of fundamental rights. *U.S. v. Gonzalez-Lopez,* 548 U.S. 140, 146-147, 149, fn.4 (2006).

The Superior Court denied Petitioner's retained counsel's motion to substitute counsel without making inquiries, where the Court had a duty to inquire, resulting in denial of counsel of choice and structural error.  Although Petitioner was arrested and booked under Case No. BA443859 Ms. Kamran and appeared for Petitioner on Case No. SA093029. She was not retained in this case BA443859 and had an actual conflict of interest by adjourning proceedings to a different courtroom and refusing Petitioner's written requests to withdraw as counsel; and, substitute for chosen counsel, while a grand jury was convened. Without means to engage retained counsel Petitioner was forced to accept appointment of the public defender.  *Luis v. United States,* 136 S.Ct. 1083, 1094-1095 (2016).

Simply stating the record contains no motion to substitute when the claim is that Petitioner's counsel brought the motion and the motion was removed from the record. The finding is unreasonable based on the acknowledgment that Petitioner was held without counsel on the murder charges. The sexual assault charge brought by Buccafurri one week earlier was bogus so she could stay in the house Petitioner was planning on moving into. (**EXBT. C**).  The record shows the attorneys conveniently adjourned to the mental health court, substituted for appointed counsel and the People dropped the charge having held Petitioner while they indicted by Grand Jury.  If the allegations in the writ

**PETITION FOR WRIT OF HABEAS CORPUS**

1   are taken as true Petitioner was a person of means who has been denied his
2   choice of criminal counsel, his transactional counsel and his resources and has
3   been prejudiced by subsequent ineffective assistance of counsel.

4
5   ## UNREASONABLE SEARCH
6   ### DECISION BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING
7       The LASD deputies' search began when he re-entered the property searching
8   and then obtaining a key to Petitioner's apartment. The search of Petitioner's
9   home was of critical importance to the prosecution's case. Trial counsel knew of
10  the critical importance of the evidence recovered and Petitioner's statements to
11  the prosecution's case. Trial counsel had an obligation to investigate the basic
12  facts to determine that Petitioner was in his home and LASD circumvented the
13  judicial role in the lawful process. There could be no excuse for failing to
14  recognize an improperly initiated procedure and to file a suppression motion to
15  exclude evidence, and to continue to take defensive action to preserve
16  Petitioner's rights to challenge the principal evidence against him, all which
17  was obtained by warrantless search and seizure.

18      The Appellant Court's unpublished decision details the circumstances of
19  Olga Kasian's 911 calls on May 25, 2016 and May 26, 2016, respectively. There
20  was no substantial basis for the officers to conclude that probable cause existed
21  for searching Petitioner's residence at the time they responded to Olga's calls.
22  ***LASD determined exigent circumstances after crossing the threshold to***
23  ***the home***. They then went to the Holloway apartment door. Officers knocked,
24  left two voicemails on Petitioner's cell and left. There was no sign of foul play.
25  No new facts were relayed to deputies when they responded to Olga's May 26,
26  2016 call to 911. Other than an absence of communication between Olga and
27  her daughter, Olga saw a silhouette and the balcony door close from across the
28  street the day before. The officers entered the apartment building, knocked,

**PETITION FOR WRIT OF HABEAS CORPUS**

questioned the neighbor and left voice mails for Petitioner. No facts were available to the officers beyond Olga's unparticularized suspicions. The appropriate action for the deputies was to leave the property.

The trial Court's findings fail to evidence emergency or crime or report of crime in progress. The officers mentioned no sounds or possible movement in the apartment or any suspicious behavior other than failure to respond to the phone and door and Petitioner's parked car in the parking lot. Neither Officers Johnson and Mohr, nor Olga, were on the property legally. After 8:44 a.m. Johnson and Mohr proceeded to enter the apartment building, obtained a key to Petitioner's apartment, and opened the front door, which was security chain locked from the inside.

The LAPD admits that it was their determination of an exigent circumstance mid-way in the search, it did not begin with an exigency. Nothing in the record on review indicates that LAPD pointed to specific and articulable facts from which they concluded action was a necessary emergency or exigency at that time before entering the residence.

The record shows Petitioner was out on bail in case SA093029 for an alleged sexual assault at a different location that week. If the LASD believed there was probable cause to search the home sufficient to obtain a key to gain entry in furtherance of that objective, they would have been able to secure a warrant. The deputies were conducting an unreasonable search of Petitioner's home without a warrant at any such time after they had knocked and left the property without a response. Absolutely no evidence supported a conclusion that anything was amiss inside Petitioner's residence at the time of the search and seizure. No neutral and detached magistrate made any finding of probable cause to search the apartment or authorized any invasion of privacy at the time appellant was seized.

**PETITION FOR WRIT OF HABEAS CORPUS**

1  **SUMMARY DENIAL IS CONTRARY TO OR AN UNREASONABLE APPLICATION OF**
2  **FEDERAL LAW**

3      It is a cardinal principle that searches conducted outside the judicial process,
without prior approval by judge or magistrate are *per se* unreasonable under
4  the Fourth Amendment – subject only to a few specifically established and well-
5  delineated exceptions. *Mincy v. Arizona,* 437 U.S. 385, 390 (1978). In this case
6  the deputies' behavior objectively reveals a purpose to conduct a search, "which
7  is not what anyone would think he had a license to do." *Florida v. Jardine, 133*
8  *S.Ct. 1409, 1417 (2013)*. Given the facts available, it was unreasonable, to
9  believe there was a crime being committed inside the home.  *Riley v. California,*
10  134 S.Ct. 2473, 2484 (2014).  At the "very core" stands "the right of a man to
11  retreat into his own home an there be free from unreasonable government
12  intrusion."  *Silverman v. United States,* 365 U.S. 505, 511 (1961).  An officer
13  must have a lawful right of access in order to arrest a person in his home.
14  *Payton v. New York (1980) 445 U.S. 573,* 587-590.  It is a basic tenant of Fourth
15  Amendment law that searches and seizures inside a home without a warrant
16  are presumptively unreasonable. *Id at 586*. **The Fourth Amendment has**
17  **drawn a firm line at the entrance to the house**. *Id. at 590*.   The curtilage
18  describing the area immediately surrounding and associated with the home to
19  which the activity of home life extends is considered part of the home itself for
20  Fourth Amendment purposes.  *Collins v. Virginia,* 138 S. Ct. 1663,1666-1667
21  (2018).  The decision constitutes an unreasonable application of clearly
22  established United States Supreme Court precedents.

23      The presumption of unreasonableness that attaches to a warrantless entry
24  into the residence can be overcome by a showing of one of the few specifically
25  established and well-delineated exceptions to the warrant requirement. *Katz v.*
26  *United States,* 389 U.S. 347, 357 (1967).   To invoke the emergency aid
27  exception, the test is whether there was an objectively reasonable basis for
28  believing that medical assistance was needed, or persons were in danger.

**PETITION FOR WRIT OF HABEAS CORPUS**

*Michigan v. Fisher,* 558 U.S. 45, 49 (2009).  Police may enter a home without a warrant when they have an objectively reasonable basis for believing that an occupant is seriously injured or imminently threatened with such injury. *Bringham City v. Stuart,* 457 U.S. 398, 400 (2006). Government officials bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests.  *Welsh v. Wisconsin,* 466 U.S. 740, 749-750 (1984).  The Supreme Court has recognized that recent technological advances have made the process of obtaining a warrant itself more efficient, where police officers can e-mail warrant requests to judge's iPads and judges have singed such warrants and e-mailed them back to officers in less than 15 minutes.  *Riley, supra at 2493.*

No Supreme Court precedent suggests the police can simply deem an exigent event after the search has been commenced.  It is plainly unreasonable for police to obtain a key to someone's house to conduct a search absent a warrant.

**REVIEW OF STATE DECISIONS**

California law required a warrant to search Petitioner's home. The omission of a suppression motion and hearing, whether tactical or inadvertent, demonstrates ineffectiveness because it was *objectively unreasonable*, meaning that the omitted claim was one that any reasonably competent counsel would have brought.  *In re Reno,* supra at 465.   The penal code authorizes a motion to suppress if the search or seizure without a warrant was unreasonable. *People v. Williams,* 20 Cal.4th 119, 129 (1999). Issues relating to the suppression of evidence derived from governmental searches and seizures are reviewed under federal constitutional standards.  *People. V. Troyer,* 51 Cal.4th 599, 605 (2011).

It is undisputed that the police officers entered Petitioner's apartment without a warrant.  Such entry presumptively violated the Fourth Amendment and taints the evidence seized as a result.  *People v. Ledesma,* 43 Cal.3d 171, 227 (1987).  The burden is on the People to establish the exception applies.

*People v. Macabeo,* 1 Cal.5th 1206, 1213 (2016).   The California Supreme Court has determined it is not enough that officers seek to rule out "the possibility that someone… might require aid" to invoke the exigent circumstance exception to the warrant requirement. *People v. Ovieda,* 7 Cal.5th 1034, 1047 (2019). This case does not fall into any recognized scenario describing exigent circumstances. Johnson and Mohr were required to point to specific and articulable facts from which they concluded that his action was a necessary emergency or exigency at that time before entering the residence. *People v Duncan,* 42 Cal.3d 91, 97-97 (1986). The record fails to substantiate those articulable facts *before* entry. Otherwise, a police officer "need not rely solely on lawfully obtained probable cause, he can instead achieve 'certain cause' by conducting an unlawful confirmatory search, thus saving himself the time and trouble of obtaining and executing a warrant if he does not find the evidence." *Id at 98.*  "If refusal of permission to enter could convert mere suspicion of crime into probable cause to arrest the occupant and search his home, such suspicion alone would become the test of the right to enter, and the right to be free from unreasonable police intrusions would be vitiated by its mere assertion." *Tompkins v. Superior Court,* 59 Cal2d 65, 68 (1963).

Exigent circumstances are defined as "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *People v. Ovieda, supra at*, 1041. If the officers lacked probable cause to arrest Petitioner at the time they entered the apartment building and knocked on the doors and announced their presence, they lacked probable cause at the time he entered the house as well because the silence of the occupants provided no evidence of guilt.  *Horack v Superior Court,* 3 Cal.3d 720, 725 (1970). The officers had no way of knowing whether the persons had left the residence prior to their arrival.  The witness who called police had herself left the scene

**PETITION FOR WRIT OF HABEAS CORPUS**

1   between the time of her call and the arrival of the police.  Even assuming there
2   was reasonable cause to believe persons were in the house, the officers still had
3   no basis for entry to search for persons, unless they had reasonable cause to
4   believe that the persons were committing a public offense in their presence.
5   *Horack, supra at 727*.  In this case the entrance was illegal, where "rather than
6   drawing the obvious conclusion that no one was at home the officer proceeded to
7   speculate…this attempt to create an emergency where none existed is
8   implausible." *People v. Smith,* 7 Cal.3d 282, *287* (1972). The belief upon which
9   the officer acted was the product not of facts known to or observed by him, "but
10  his fanciful attempt to rationalize silence into a justification for his warrantless
11  entry." *Ibid*. In *Ovieda* the Supreme Court of California firmly decided extant
12  law required a warrant. *People v. Ovieda, supra at*, 1046, 1049.

13  **PREJUDICIAL IMPACT OF ERROR**

14      Petitioner argued that counsel's performance was so deficient it undermined
15  the proper functioning of the adversarial process and the trial cannot be relied
16  on as having produced a just result.   *Strickland, supra at 686*.   There is
17  reasonable probability sufficient to undermine confidence in the outcome.
18  *Strickland*, supra at 694.  **Petitioner can show a reasonable probability**
19  **that, absent the errors, the factfinder would have had a reasonable**
20  **doubt respecting guilt.** *Id at 695*.  Appointed trial counsel's performance was
21  deficient by failing before trial to challenge the principal evidence produced
22  from the unreasonable warrantless search and arrest of Petitioner in his home
23  in violation of his Fourth Amendment privacy right and existent California
24  precedent. Any evidence gathered from Petitioner's home, including the victim's
25  body, cell phone, video tape from the curtilage, and Petitioner's statements
26  made during the search, were plainly subject to exclusion.
27      Counsel was ineffective because reasonable trial counsel would have brought
28  a Fourth Amendment challenge to the use of evidence collection, **where extant**

**authorities would have supported such an argument**. It should have been plainly obvious to counsel that the initiation of the warrantless search and seizure need be challenged by trial counsel.  The LASD's conduct in conducting the illegal search of Petitioner's home is precisely the conduct the Fourth Amendment was enshrined to protect against. To search and arrest Petitioner in his home, a neutral judicial officer was required to make an independent determination and Petitioner should have been successful at suppressing evidence that was ultimately produced at trial without being tested in advance.

The question with respect to appointed counsel, is whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *In re Hardy,* 41 Cal.4th 977, 1018 (2007)*; Strickland, supra at 696*.  The answer is yes, this trial was so one sided that Petitioner never stood a chance without choice of counsel.  The deficiency falls below the standard reasonably expected of defense counsel under professional norms and counsel have acted unreasonably by passively putting forth the appearance of diligent representation.  To provide a competent defense, a challenge to the warrantless search and seizure of the home was required.  Both counsel Kamran and Takasugi should have been concerned with Petitioner's right to privacy in his home and to make motions for the suppression of evidence. Had counsel done so, there is a reasonable probability the result would have been different.

Without any evidence from the warrantless search, the inferences of guilt supporting the judgement are far more speculative and Petitioner was less likely to be convicted.  Petitioner has demonstrated that but for counsel's deficient performance by unreasonably failing to challenge the admission of substantially all of the evidence and witness statements presented at trial, there was reasonable probability that bringing a successful motion to suppress the evidence that would a have resulted in different determination of the case.

**PETITION FOR WRIT OF HABEAS CORPUS**

The question before the Court now is whether a reasonable probability exists that the jury would have had a reasonable doubt concerning Petitioner's guilt if the evidence from Petitioner's home and related testimony had been excluded. Where the only evidence is circumstantial, there is strong possibility, yes.

## RIGHT TO PUBLIC TRIAL

### SUMMARY DENIAL IS CONTRARY TO OR AN UNREASONABLE APPLICATION OF FEDERAL AND STATE LAW

To be competent, appellate counsel must prepare a legal brief containing citations to the appropriate authority, and set forth all arguable issues. *People v. Barton,* 21 Cal.3d 513, 519 (1978). The inexcusable failure of petitioner's appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal, deprived petitioner of the effective assistance of appellate counsel. *In re Smith,* 3 Cal.3d 192, 202-203 (1970).  Petitioner has demonstrated a reasonable probability that but for appellate counsel's unreasonable failure to raise the issues, Petitioner would have prevailed on appeal and succeeded in obtaining a reversal.  *Smith v. Robbins,* 528 U.S. 259, 285-286 (2000); *In re Harris, supra at* 833, fn.3.

The United States Constitution Sixth and Fourteenth Amendment and the California Constitution Article I § 15 coextensively guarantee a criminal defendant the right to a public trial including the right to have friends and relatives present during the proceedings. *People v. Woodward, 4 Cal.4th 376, 383 (1992) cert. den. sub nom. Woodward v. California, 507 U.S. 1053 (1993).* The public has a right to be present whether or not any party has asserted the right. *Presley v. Georgia,* 130 S.Ct. 721, 724-725 (2010).  Where a closure motion is not filed of record or made in open court, and when, as here, the court has been made aware of the desire of specific members of the public to be present, reasonable steps should be taken to afford such persons an opportunity to submit their views to the court before exclusion is accomplished. *U.S. v.*

**PETITION FOR WRIT OF HABEAS CORPUS**

*Brooklier,* 658 F.2d 1162, 1168-69 (9th Cir. 1982). The particular interest and threat to that interest, must "be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 510 (1984).

The Supreme Court in *Waller* imported *Press Enterprise* First Amendment test for the Sixth Amendment stating that "there can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than implicit First Amendment right of the press and public." *Waller v. Georgia,* 467 U.S. 39, 46 (1984). The United States Supreme Court found the Sixth Amendment public trial guarantee creates a "presumption of openness" that can be rebutted only by a showing that exclusion of the public was necessary to protect some "higher value" such as the defendant's right to a fair trial, or the government's interest in preserving the confidentiality of the proceedings." *Waller, supra* at 44-45. The trial court was required to make "**specific written findings**." *Id at* 48; *Woodward, supra* at 383.

The exclusion of any nondisruptive spectator from a criminal trial should never be undertaken without a full evaluation of the necessity for the exclusion and the evaluation should be reflected in the record of the proceedings. *People v. Esquibel,* 166 Cal.App.4th 539, 556 (2008).  In considering whether a public trial right violation has occurred, courts have treated partial closures – i.e. when only some persons are excluded from the courtroom – differently from total closures.  *People v. Scott,* 10 Cal.App.5th 524, 532 (2017)*; accord Woodward, supra at* 384; *Esquibel, supra at* 552-554. The identity of the spectator sought to be excluded is highly relevant in a partial closure situation.  *Esquibel, supra* at 553. The constitutional infirmity stems primarily from the fact that the trial court relied on the unsubstantiated statements of the prosecutor, rather than conducting a public inquiry of the witness jurors. Instead the judge acted in excess-jurisdiction improperly citing counsel for contempt and ordering counsel

removed as a spectator. There were alternatives available to the Court and no specific written finding for a reviewing Court.  Counsel has argued this in the Supreme Court, but neither this Court nor the Ninth Circuit has addressed the alleged coextensive violations to Petitioner and counsel. (**EXBT. D**).

**PREJUDICIAL IMPACT OF ERROR**

Given the automatic reversal for structural errors, resulting from the violation of the public right to trial, appellant counsel should have been successful at reversing the judgement for structural error, had she pursued the argument on direct appeal. Appellant counsel was ineffective for failing to bring any constitutional challenge on direct appeal where there was sufficient evidence in the record of due process violations and the absence of specific written findings justifying Petitioner's civil attorney's exclusion from the proceedings to make it reasonably probable.  Reversal on review would have resulted in a more favorable outcome for Petitioner, allowing an opportunity to retain counsel and challenge the principal evidence presented before trial.

## CONCLUSION

Petitioner has set forth sufficient grounds to GRANT this petition for writ of habeas corpus where the Superior Court's decision is so lacking in justification that there was an error well understood and comprehend in existing law beyond any possibility of fair-minded disagreement.   Petitioner's petition for writ of habeas corpus brought for ineffective assistance of counsel sets forth a *prima facie* procedurally valid claim for relief.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that the court grant relief to which he may be entitled in this proceeding by issuance of order to show cause why the judgement should not be VACTED.

## **VERIFICATION**

I, Adam Jeremy Tenser, declare:

I am the attorney for Petitioner Blake Leibel, in this case.  I am an attorney licensed to practice in the United States District Court, Central District of California and the Supreme Court of the State of California and have read the foregoing Petition and know its contents.  The facts alleged in the Petition are within my own knowledge and I know these facts to be true.

This is the first petitioner for writ of habeas corpus in this Court.

I declare under the laws of California and penalty of perjury that the foregoing is true and correct and that this verification was executed on this 22nd day of June, 2022.

Respectfully submitted,

Adam J. Tenser

Attorney for Petitioner Blake Leibel

**PETITION FOR WRIT OF HABEAS CORPUS**

**<u>PROOF OF SERVICE</u>**

I am attorney for Petitioner and declare that I have personally served the Writ of Habeas Corpus dated June 22, 2022 by electronic mail and depositing an envelope in the regular U.S. Post addressed to the following parties:

OFFICE OF DISTRICT ATTORNEY OF LOS ANGELES
Habeas Corpus Litigation Team
3000 W. Temple Street
Room 540
Los Angeles, CA 90012
appellate.nonurgent@da.lacounty.gov

ATTORNEY GENERAL OF CALIFORNIA
300 Spring Street
Suite 1700
Los Angeles, CA 90013
docketinglaawt@doj.ca.gov

SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES
HON. YVETTE VERASTEGUI, JUDGE
11710 La Cienega Blvd.
Los Angeles, CA 90045
fbennett@lacourt.org

Respectfully submitted,

Adam J. Tenser
Law Office of Jeremy Tenser
8844 W. Olympic Boulevard
Suite 200
Beverly Hills, California 90211
JT@tenserlaw.com

**PETITION FOR WRIT OF HABEAS CORPUS**